STARK.<br>August, 1819.<br><br>Shorb<br>*v.*<br>Laird and<br>Nortou.

---

*STARK COUNTY—AUGUST TERM, 1819.*

---

PRESENT—TAPPAN, *President;* HOOVER, COULTER AND HENRY, *Associates.*

---

## SHORB vs. LAIRD AND NORTON.

Judgment, on a scire facias to revive a former judgment, cannot be appealed from by the defendant in such judgment, especially if the original judgment was by confession.

### MOTION TO QUASH AN APPEAL.

By the transcript of the proceedings before the magistrate it appeared that an amicable action in debt was entered before Mr. Brown, a justice of the peace, in Portage county, in which judgment was entered by confession against Laird and Norton, execution issued on the judgment and property was taken and offered for sale; the execution was returned "by order of the plaintiff" "money not made." Upon a transcript of this judgment, Mr. Webb, a justice of the peace in Stark county, issued a scire facias and gave judgment against the defendants for the debt, interest and costs, the defendants appealed to this court, and now

LATHROP for the plaintiff, the appellee moved that the appeal might be quashed, for that the cause was not one which by law could be brought into this court by appeal. HARRIS, contra.

STARK.
August, 1819.

Shorb
v.
Laird and
Norton.

PRESIDENT—The statute allows an appeal "from any judgment of any justice of the peace," and is supposed to be broad enough in its terms to include this case unless it shall be found to be excepted by some other provision of the law. The process issued by Mr. Webb is a scire facias to shew cause why execution should not issue on the judgment rendered by Mr. Brown; in such cases the statute provides that "if the defendant is found, and cannot prove to the satisfaction of the justice, that he has paid the whole amount of the debt and costs, as stated in the transcript, the justice shall hold him to bail, or issue execution for the same, or such parts thereof as shall appear to remain unsatisfied, in the same manner and under the same regulations as the justice before whom the proceedings were originally had, might, or could have done, had the defendant remained with his township." It appears that the defendants were found, and appeared before the justice at the return of the scire facias. The scire facias quare executionem non, being before another justice than the one who rendered the original judgment, makes no difference as to the right of appeal, for the proceedings are to be the same as though the defendants had remained in the township where the judgment was first entered.

The judgment before Mr. Justice Brown, was by confession, from which, by the express provision of the Statute "there shall be no appeal." The scire facias quare executionem non, is a process to revive an existing, not to be the foundation of a new judgment. When revived, it is, as it was at first, a judgment from which there shall be no appeal.

The words of the statute, allowing an appeal "from any judgment of any justice" are conceived by the appellants, to be extensive enough to include every judgment which can be rendered by a justice of the peace. But beside the case of judgments by confession, in which the right of appeal is taken away, these general terms must be limited by the nature of the case to which they are attempted to be applied, and be confined to those judgments which are final between the parties. The award of an execution upon such scire facias, although it includes a judgment for costs, is not such judgment as the law intends to allow an appeal from; it is, as before observed, the revival of a former judgment, and after the time within which such judgment might be appealed from, must have elapsed. *Appeal quashed.*